UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA A. ANDWAN,  
    Plaintiff,

    v.

VILLAGE OF GREENHILLS, et al.,

    Defendants.

Case No. 1:13-cv-624

Beckwith, J.
Bowman, M.J.

**REPORT AND RECOMMENDATION**

**I. Background**

Over a year ago, on September 9, 2013, Plaintiff Patricia Andwan, through experienced counsel, paid the requisite filing fee and filed this civil rights suit against five defendants. However, four months later, counsel moved to withdraw, citing "a severe and fundamental disagreement as to how this case should be litigated." (Doc. 13). Counsel's motion was granted on February 18, 2014. (Doc. 16). Since counsel's withdrawal, Plaintiff has continued to prosecute her claims *pro se*. On April 14, 2014, Plaintiff was granted leave to file motions and other documents electronically. (Doc. 24). Pursuant to local practice, and because Plaintiff now proceeds *pro se*, the case has been referred to the undersigned magistrate judge for all pretrial proceedings, including for a Report and Recommendation ("R&R") on any dispositive motions.

On June 10, 2014, the undersigned filed a Memorandum Order that ruled on multiple non-dispositive motions. (Doc. 53). The Court granted Defendants' motion to strike Plaintiff's amended complaint for procedural reasons and denied Plaintiff's motion for Rule 11 sanctions, denied Plaintiff's construed motion for reconsideration of a prior

1

order, granted Plaintiff's motion to amend the case caption, denied Plaintiff's motion seeking a ruling on her prior motion to change venue, and denied Plaintiff's motion to amend her complaint without prejudice to renew if Plaintiff attached a copy of the proposed amended complaint. (Doc. 53). On July 16, 2014, the presiding district judge adopted the Order of the undersigned, overruling Plaintiff's objections to the same. (Doc. 49).

Shortly after entry of the latter Order, Plaintiff filed a motion to clarify the prior calendar order, and to extend deadlines. (Doc. 54). Plaintiff also promptly renewed her motion for leave to amend her complaint, attaching a copy of the proposed complaint as directed by the Court. (Doc. 55). On July 18, 2014, Defendants filed a motion seeking to compel Plaintiff to produce certain discovery. (Doc. 61).

Until now, the referenced motions have been held in abeyance because Plaintiff filed an interlocutory appeal of the June 10, 2014 Order to the Sixth Circuit. (Doc. 64). On September 26, 2014, the Sixth Circuit dismissed Plaintiff's appeal. The two non-dispositive motions are addressed by separate order filed herewith; this R&R addresses Plaintiff's renewed motion to amend her complaint.

**II. Analysis**

**A. Comparing Original and Proposed Amended Complaints**

As previously stated, Plaintiff's original complaint was filed by experienced counsel. It spanned 16 pages, exclusive of exhibits, and asserted five causes of action against five named Defendants: the Village of Greenhills, its Police Chief, and four Greenhills Police Officers. (Doc. 1). Defendants timely filed an answer to that complaint on October 25, 2013. (Doc. 6). For various procedural reasons including but not limited

to the subsequent withdrawal of Plaintiff's counsel, the case has progressed little in the span of the last year.

Plaintiff filed an amended complaint (Doc. 26) against at least 41 Defendants that was subsequently stricken, but the Court permitted Plaintiff until June 23, 2014 in which to file an appropriate motion seeking leave to amend her complaint. The Court made clear that "[t]he granting of this limited [extension of] time in which to file a motion to amend in no way is intended as comment on whether any such motion would be well-taken, or barred for procedural reasons or on the merits." (Doc. 53).

Plaintiff complied with the Court's order by filing a motion seeking leave to amend her complaint on June 23, 2014. Plaintiff's tendered amended complaint nearly doubles the length of the original, to 31 pages (exclusive of 56 pages of exhibits), adds 26 new Defendants, and increases the number of claims to thirteen. (Doc. 55-1). Plaintiff's proposed amended complaint identifies thirty-one Defendants. The first five were named in Plaintiff's original complaint (in their individual capacities only), but the last twenty-six are newly named Defendants in the amended complaint: (*Compare* Docs. 1, 8, 55-1). Plaintiff's proposed amended complaint also seeks to add "official capacity" claims against the original five Defendants, and asserts both "individual" and "official" capacity claims against all other Defendants. (*See* Doc. 55-1 at ¶16). As best the undersigned can ascertain,[1] the complete list of Defendants identified in the proposed

---

[1] A number of persons identified in the body of the amended complaint have not been included as Defendants in its caption. For example, Plaintiff alleges that "Hamilton County Prosecutors Joseph Deters, Steve Tolbert, Christopher Lipps and Brittany Nurre acted jointly with Judge Theodore Berry to maliciously and criminally prosecute Plaintiff while abusing the process …of judicial law and presently hide behind 'immunity' despite obvious bad faith in the malicious prosecution of Plaintiff, while abusing the process of law." (Doc. 55-1 at 7, ¶14). Because none of the referenced individuals are identified in the caption, and because any claims against them would be futile in light of their entitlement to immunity from suit, the Court assumes that they are not Defendants. Although they were included as Defendants

3

amended complaint is as follows: (1) Village of Greenhills, Ohio; (2) Thomas E. Doyle, Former Greenhills Police Chief & Current Chief Ranger at Hamilton County Part District; (3-5) Greenhills Police Officers Andrew D. Moore, Robert A Dean, Jr. and Anne M. Ward; (6) Greenhills Police Department Clerk Georgia Z. Coddington; (7) Greenhills Municipal Manager Evonne L. Kovach; (8) Greenhills public official David B. Moore; (9) Greenhills Council/Mayor Fred H. Murrell, Jr.; (10-17) Greenhills Council Members Glenn A. Drees, L. Christine Visnich, Kenneth R. Burck, Sr., Joseph E. Wolterman, Jr., Gregory F. Hermes, David B. Adams, Maria C. Waltherr-Willard, Jeffrey T. Halter; (18) Greenhills Law Director Jeffrey D. Forbes; (19) Tree Health Contractor Gregory F. Lester d/b/a Gregory Forrest Lester, Inc.; (20) the City of Forest Park, Ohio; (21) Forest Park Police Chief Phillip Cannon; (22–25) Forest Park Police Officers Patrick Carr, James Ward, Robert White, and Ronald Harris; (26) Hamilton County Part District Director Jack Sutton; (27) Hamilton County Park Ranger William Goetz, (28) the State of Ohio; (29) Hamilton County, Ohio; (30) Hamilton County Chief Reporter Daniel Neumeister; and (31) Hamilton County Court Reporter Barbara Wuellner. (Doc. 55-1 at 1-3).

While Plaintiff now proceeds *pro se*, she does not proceed *in forma pauperis* and this is not a complaint subject to screening pursuant to 28 U.S.C. §1915(e). Pursuant to Rule 15(a)(2), Fed. R. Civ. P., leave to amend should be freely given. In addition, this Court construes *pro se* allegations liberally. Still, Defendants urge this Court to deny the motion for leave to file the proposed amended complaint on grounds that "many" of Plaintiff's claims are futile. The undersigned agrees that amendment as to certain claims

---

in a previously filed version of an amended complaint (Doc. 26) that amendment was stricken from the record as procedurally improper.

should not be permitted, as discussed below.  For that reason, Plaintiff's motion should be granted in part and denied in part.

### B.  Proposed Eight New Claims and Revision of Five Claims

#### 1.  Counts I and II, Civil Conspiracy under 18 U.S.C. §§241, 242

Plaintiff's first two new claims in the proposed amended complaint are for civil conspiracy.  However, neither of the two statutes cited by Plaintiff for these two claims create civil causes of action.  In her reply memorandum, Plaintiff concedes that no cause of action exists under these statutes.  (Doc. 63 at 3).  Therefore, Plaintiff's motion to amend to include these two claims should be denied.

#### 2.  Count III, 42 U.S.C. §14141, 42 U.S.C. §1985, and/or 42 U.S.C. §1983.

In addition to the lack of legal grounds for her first two claims, Defendants assert, and Plaintiff concedes, that no cause of action exists for Count III, alleging civil conspiracy under 42 U.S.C. §14141. Likewise, Plaintiff concedes that no claim exists under 42 U.S.C. §1985(3).  (Doc. 63 at 3).

However, the parties disagree as to whether Plaintiff can state a cause of action for civil conspiracy under 42 U.S.C. §1983 and/or 42 U.S.C. §1985(1) and (2).  Plaintiff's newly proposed Count III asserts civil conspiracy against all thirty-one Defendants:

> All Defendants acted willfully, with malicious retaliatory intent and/or negligent misconduct and did harm Plaintiff with discriminatory harassment; unlawful stops, searches, and arrests; assault and battery; use of unreasonable excessive force; False Arrest and/or False Imprisonment.  Defendants['] conduct caused harm and injury and…damages to Plaintiff.

(Doc. 55-1 at ¶62).  The referenced claim purports to incorporate all factual allegations pleaded earlier in the complaint.

5

Defendants argue that Plaintiff has failed to state a claim for conspiracy because she has failed to set forth any material facts to suggest that a conspiracy exists. To state a claim for conspiracy under either federal or Ohio law, Plaintiff must prove the existence of an agreement between two or more persons to injure her by unlawful action. *See Collyer v. Darling*, 98 F.3d 211, 229 (6th Cir. 1996). Conspiracy claims must be pled with some degree of specificity, and conclusory allegations unsupported by facts will not be sufficient. *See Jaco v. Bloechle*, 739 F.2d 239, 245 (6th Cir. 1984).

In her reply, Plaintiff references her allegations concerning the events of November 2, 2011, when she alleges that she was assaulted, falsely arrested and imprisoned in violation of O.R.C. §2921.01 *et seq*. (*See generally* 55-1 at ¶¶33-50). She further asserts that 42 U.S.C. §1985(1) and (2) and 42 U.S.C. §1983 support her claim, because the Defendants acted under color of state law and conspired to violate her civil rights. She contends that she has alleged a conspiracy by two or more persons, insofar the exhibits to her complaint "lay out multiple agreements to injure and chill Plaintiff's civil liberties, most graphically in the 'special counsel' Village of Greenhills 2008 harassment (Doc. 55, Exhibit AA, Exhibits J1 and J2 – passed by ordinance; certified intimidation letters threatening arrest; and $59,000+ of paid invoices from attorney Scott Phillips of Frost, Brown Todd targeting 'Patricia A. Andwan.'" (Doc. 63 at 4). She further asserts that the following documents "establish multiple conspiratorial 'agreements'" to harm her: (1) allegedly falsified November 2, 2011 witness statements; (2) "falsified" police incident reports; (3) Public Defender's Investigator's Report of March 2012; and (4) "falsified" Court bench trial transcripts of 5/23/2012 and 9/19/2012.

6

It is not at all clear that Plaintiff's assertion of Count III against "all" 31 Defendants and broad references to her exhibits are sufficient to state a claim given the specificity required to demonstrate a civil conspiracy. *See Jaco*, 739 F.2d at 245 (affirming dismissal of allegations that township failed to adequately maintain and control its police officers where complaint merely alleged "broad conclusory negligence language devoid of the factual allegations necessary to support a conspiracy theory"). However, the undersigned cannot readily determine whether the current amendment would be futile. Therefore, giving the *pro se* Plaintiff the benefit of the doubt and construing her allegations liberally, the undersigned recommends that the amendment be permitted with the deletion of any reference to 42 U.S.C. §14141 and §1985(3). Plaintiff is forewarned, however, that permitting the addition of this claim to her amended complaint does not preclude Defendants from filing a future motion to dismiss the same claim, or this Court from granting such a motion upon further review should the law and/or the facts so warrant.

**3. Count IV: Unreasonable Prosecutorial Seizure, Malicious Prosecution**

Count IV of Plaintiff's tendered amended complaint is captioned: "Unreasonable Prosecutorial Seizure, (Malicious Prosecution – Case #C/11/CRB/17623 – cables)(Defendants: Village, Officials, Doyle, A. Ward, Dean, County & State)." While conceding that the claim is analogous to Plaintiff's first cause of action in her original complaint as to Defendant Officers Dean, Ward and Doyle, Defendants object to the proposed amendment to the extent that Plaintiff now seeks to assert her claim against the Village of Greenhills, all Greenhills "Officials," Hamilton County, and the State of Ohio.

7

Absolute immunity under the Eleventh Amendment bars Plaintiff's claims against the State of Ohio. *Will v. Michigan Dept. of State Police*, 491 U.S. 58, 71 (1989). Citing the two-year statute of limitations applies to §1983 claims, Defendants further argue that, given Plaintiff's acquittal in May, 2012,[2] the relevant statute of limitations for Plaintiff's malicious prosecution claim expired on May 23, 2014. Since Plaintiff's motion for leave to amend her complaint was not filed until June 23, 2014, Defendants contend that any expansion of the claim to new Defendants would be time-barred. Plaintiff argues that her amendment should not be time-barred, because she originally attempted to amend on April 30, 2014 (Doc. 26), but that amendment was stricken as procedurally improper. Essentially, Plaintiff is arguing that the amendment should relate back to the date of the original complaint, or should be considered timely for other reasons.

Given the liberal standards applicable to amendment under Rule 15(a)(2) and the difficulty of determining whether any possible "relation back" under Rule15(c) may exist in the context of the limited briefing in the present motion, the undersigned will permit the amendment against all Defendants at this time, except for the State of Ohio. However, permitting the amendment in no way is intended to prejudice to Defendants' right to file a formal motion to dismiss based upon any well-founded defense, including but not limited to the statute of limitations.

**4. Count V: Assault and Battery**

As Plaintiff notes, Defendants do not oppose amendment of her complaint to include Count V for assault and battery, and "excessive/unreasonable force" against Defendant Moore, brought pursuant to 42 U.S.C. §1983. Contrary to Plaintiff's position,

---

[2] Defendants' memorandum mistakenly lists the year as 2013.

8

however, Defendants' failure to object to the proposed amended claim is not tantamount to an "admission of liability," (Doc. 63 at 6), but reflects nothing more than that the amendment of that single claim is unopposed.

### 5. Count VI: False/Unlawful Arrest

Count VI of Plaintiff's amended complaint is analogous to the second cause of action in Plaintiff's original complaint. However, in the proposed amendment, Plaintiff seeks to enlarge the group of Defendants to "Village, Officials, A. Moore, Doyle, Coddington, Lester, Goetz, Park, City, J. Ward, Carr, Harris, White." (Doc. 55-1 at 27). As Defendants point out, no "Park" is identified as a Defendant in the caption or list of parties of the Proposed Amended Complaint, notwithstanding the addition of Jack Sutton as the Hamilton County Park District Director and a fleeting reference in Paragraph 13 of the amended complaint to "*Defendant* HAMILTON COUNTY PARK DISTRICT ('Park')." (Doc. 55 at 7, ¶13, emphasis added). To the extent that no "Park" is properly identified as a Defendant, the undersigned concurs that no claim can be asserted against the Hamilton County Park District.

Additionally, consistent with their argument against the amendment of Plaintiff's malicious prosecution claim, Defendants argue that the expansion of the false arrest claim to new Defendants would be barred by the applicable statute of limitations. Plaintiff alleges that she was arrested by Officer Moore on or about November 1 or 2, 2011, meaning that the two-year limitations period would have run not later than November 2, 2013. In her reply, however, Plaintiff argues that she was not finally acquitted of the disorderly conduct charge for which she was arrested until September 19, 2012. If that date is used, her proposed amendment would be timely filed.

9

Plaintiff's argument is unavailing because the accrual of a cause of action for false arrest runs from the date of the allegedly unlawful arrest, not from the date of any ultimate vindication. *See Fox v. DeSoto*, 489 F.3d 227, 235 (6th Cir. 2007)(discussing the distinction between claims of malicious prosecution, false arrest, and false imprisonment). Therefore, the proposed amendment is futile. While Plaintiff should not be permitted to amend her claim for false arrest to add any new defendants, her proposed amended complaint is permitted as to the five Defendants previously named in the second count of her original complaint.

### 6. Count VII – Failure to Intervene

Count VII in Plaintiff's proposed amended complaint is entitled "Failure to Intervene" and indicates it is brought against "Defendants: Village, Officials, Doyle, Coddington, Lester, City, J. Ward, Carr, Harris, White, Park, Goetz." For the reasons previously stated, no amendment of this new claim should be permitted against the non-existent "Park" defendant. Defendants further oppose the amendment in its entirety as barred by the statute of limitations.

To the extent that the new "failure to intervene" claim is based on the alleged assault and battery and/or allegedly false arrest that occurred in November, 2011, the undersigned agrees that any such claim would be barred by the applicable statute of limitations. While the precise basis for the claim is not stated, it is presumed to be 42 U.S.C. §1983. Plaintiff's arguments in her reply memorandum, that "Police officers have a duty to protect citizens from constitutional violations by fellow officers, and that "an officer who witnesses a fellow [police] officer violating an individual's constitutional

10

right may be held liable to the victim for failing to intervene" confirms that the essence of this claim arose on or before November 2, 2011 and therefore would be time-barred.

### 7. Count VIII: Unreasonable Prosecutorial Seizure (Malicious Prosecution)

Count VIII of Plaintiff's proposed amended complaint is consistent with an expansion of the third claim of her original complaint; Plaintiff now asserts her claim for malicious prosecution of Case #C/11/CRB/34383 against "All Defendants – except A. Ward and Dean."  Plaintiff again claims that Defendants' failure to oppose the amendment of Count VIII should be interpreted as an "admission of liability" by the originally named Defendants.  In contrast to Plaintiff's interpretation, the undersigned reiterates the Court's view that Defendants' lack of opposition to the proposed amendment of this claim has no bearing on liability, and does not preclude a future dispositive motion concerning the same claim to the extent warranted by law.

### 8. Count IX: Federal Abuse of Process

Count IX of Plaintiff's proposed amended complaint, entitled "Federal Abuse of Process" alleges a violation of 28 U.S.C. §2680 against "All Defendants."  Defendants oppose the amendment to the extent that the cited statute, the Federal Tort Claims Act, is inapplicable to any possible claim against the named Defendants.

In reply, Plaintiff concedes that the FTCA does not apply to her claims, but clarifies that she wishes to maintain the "abuse of process" claim under 42 U.S.C. §1983. In fact, a similar federal "abuse of process" claim was included in Plaintiff's original complaint as her fourth cause of action.  Therefore, I recommend that the proposed addition of a new "abuse of process" claim based upon the FTCA be

11

disallowed, but that the amendment be permitted to the extent that it is intended to restate an abuse of process claim under 42 U.S.C. §1983.

### 9. Count X – Common Law Abuse of Process – O.R.C. § 2325.52

Count X of Plaintiff's proposed amended complaint attempts to state an abuse of process claim under Ohio law, consistent with the fifth claim of Plaintiff's original complaint. Defendants do not oppose the amendment as tendered. For the reasons previously discussed, the Defendants' lack of opposition to amendment signifies no admission of liability, and does not preclude any future dispositive motion concerning the same claim.

### 10. Count XI – Intentional Infliction of Emotional Distress

Defendants oppose the addition of a claim for intentional infliction of emotional distress against the Village of Greenhills, the Hamilton County Park District, the City of Forest Park, and Hamilton County. Such claims are futile to the extent that Plaintiff is attempting to bring them against political subdivisions, because such subdivisions are immune from liability under Ohio law except as provided for in O.R.C. §2744.02(B). *See also Colbert v. Cleveland*, 790 N.E.2d 781, 99 Ohio St. 3d 215 (Ohio S. Ct. 2003). Political subdivisions are not liable for intentional torts. *See Price v. Austintown Local School Dist. Bd. of Ed.*, 897 N.E.2d 700, 178 Ohio App.3d 256 (Ohio Ct. App. 7th Dist., 2008); *Estate of Clutters v. Sexton*, Case No. 1:05-cv-223-MRB, 2007 WL 3244437 at *17 (S.D. Ohio, Nov. 2, 2007).

In her reply, Plaintiff argues that her claims against the political subdivisions should not provide "protection from tort liability as an individual," (Doc. 63 at 9). She points out that in her proposed amended complaint, she has identified each Defendant

as being sued in both individual and official capacities. However, the identity of "individual" and "official" capacities necessarily pertains only to the individual Defendants; it has no bearing on the identity of the political subdivisions. Thus, for the reasons stated by Defendants, the undersigned agrees that Plaintiff's proposed addition of the intentional infliction of emotional distress claim should be disallowed as to the referenced political subdivisions and permitted only against the individual Defendants to the extent that they are sued in their individual capacities.

**11. Count XII, XIII – Negligent Infliction of Emotional Distress/Negligence.**

For similar reasons, Defendants further oppose the addition of a negligent infliction of emotional distress claim (Count XII) and a general "negligence" claim (Count XIII) against all of the political subdivision Defendants. The undersigned concurs that such claims cannot be maintained against the entity Defendants that are by definition, political subdivisions.

Defendants also oppose the addition of the referenced negligence claims against all "individually named defendants" to the extent that all of those identified Defendants are alleged to be employees of the political subdivisions, except for Defendant Gregory Lester. Suing an individual in his or her "official capacity" is akin to suit against the entity itself, and the officials are entitled to the same immunity as are the political subdivisions. *Lambert v. Clancy*, 926 N.E.2d 585, 588, 125 Ohio St. 3d 231 (Ohio S. Ct. 2010). To the extent that the employees are sued in their "individual" capacities, O.R.C. §2744.03(A)(6) provides for additional immunity for such employees for any and all negligent acts or omissions, including the negligent infliction of emotional distress. *See Linley v. DeMoss*, 615 N.E. 2d 631, 83 Ohio App.3d 594, 599 (Ohio Ct. App. 10th

Dist., 1992). In her reply, Plaintiff reiterates that she has named all individual defendants in both their individual and official capacities. (Doc. 63 at 8). However, as explained, the combination of the statutory provisions that grant immunity both to political subdivisions and to their individual employees covers the referenced Defendants for any "negligence" regardless of the capacity in which they are named. Therefore, Plaintiff's proposed amendment to add negligent infliction of emotional distress and general negligence claims should be permitted only against Defendant Gregory Lester and the State of Ohio.[3]

### 12. Failure to Assert Conduct by Certain Defendants

In addition to setting forth arguments on a claim-by-claim basis, Defendants object to the addition of thirteen Defendants on grounds that Plaintiff's allegations are not sufficiently specific against any of them. Plaintiff's proposed amended complaint contains the briefest of references to the following individuals as "officials": David B. Moore, Georgia Z. Coddington, Evonne L. Kovach, Jeffrey D. Forbes, Fred H. Murrell, Glenn A. Drees, L. Christine Visnich, Kenneth R. Burck, Sr., Joseph E. Wolterman, Jr., Gregory F. Hermes, David B. Adams, Maria C. Waltherr-Willard, and Jeffrey T. Halter. The most references are to Defendant David B. Moore (paragraphs 10, 18, 19, 20), closely followed by references to Defendant Georgia Z. Coddington (paragraphs 9, 33, 35).

Defendants persuasively argue that the limited allegations against most of these individuals either identify conduct that occurred outside of the statute of limitations, or simply fail to state a claim against the individuals under any possible legal theory.

---

[3]Defendants' memorandum states that the addition of Counts XII and XIII should be disallowed except as those claims may be brought against "Gregory Lester and the State of Ohio." (Doc. 60 at 11).

Plaintiff mentions most of the individuals only once, in Paragraph 10 of her proposed amended complaint, in which she identifies the individuals as the Village Law Director, the Mayor, and members of counsel and/or Village commissions.

It is well settled that liability for claim brought under 42 U.S.C. §1983 may not be based upon a theory of *respondeat superior*, but instead must be based on individual actions. *See generally Hays v. Jefferson County, Kentucky*, 668 F.2d 869 (6th Cir. 1982). In addition, "factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead 'sufficient factual matter' to render the legal claim plausible, i.e., more than merely possible." *Fritz v. Charter Twp. of Comstock*, 592 F.3d 718, 722 (6th Cir. 2010)(quoting *Ashcroft v. Iqbal,* 556 U.S. 662, 129 S.Ct. 1937, 1949–50, 173 L.Ed.2d 868 (2009)). Having reviewed the specific allegations against each of the referenced individual Defendants, the undersigned agrees that the allegations appear to be insufficient to state a claim against eleven of those individuals as a matter of law and would not survive a motion to dismiss. However, the undersigned recommends permitting Plaintiff to amend her complaint as to Mr. Moore and Ms. Coddington. Permitting the amendment at this preliminary stage is intended only to signify that the balance of factors - including the liberal standards of amendment and the fact that Plaintiff proceeds *pro se* – favor permitting the amendment. The recommendation to permit the addition of these two individuals in no way is intended as an indication of how the Court may rule on any future dispositive motion, to the extent that such motion may be supported by law. Therefore, it is recommended that Plaintiff's motion to amend her

complaint as to two of the individuals (Moore and Coddington) be granted, but that her motion to amend to add the remaining eleven referenced individuals be denied.

### III. Conclusion and Recommendations

For the reasons stated herein, **IT IS RECOMMENDED**:

Plaintiff's motion to amend her complaint (Doc. 55) should be GRANTED IN PART and DENIED IN PART AS FOLLOWS:

1. Plaintiff's request to add Counts I and II in her Proposed Amended Complaint (Doc. 55-1) should be denied;

2. Plaintiff's request to add Count III should be denied to the extent that she concedes no possible claim exists under 42 U.S.C. §14141 or §42 U.S.C. 1985(3), but her request to include the proposed amendment under 42 U.S.C. §1983 is granted;

3. Plaintiff's request to amend her complaint to assert Count IV against all Defendants should be granted, with the exception of the State of Ohio as to which no claim can be stated;

4. Plaintiff's request to amend her complaint to reassert Count V should be granted;

5. Plaintiff's request to amend her complaint to reassert Count VI should be granted as to the five Defendants named in her original complaint, but otherwise should be denied because any amendment is barred by the statute of limitations;

6. Plaintiff's request to amend her complaint to assert Count VII for failure to intervene should be denied;

7. Plaintiff's request to amend her complaint to reassert Count VIII should be granted;

8. Plaintiff's request to amend her complaint to reassert a federal abuse of process claim in Count IX should be granted to the extent that such claim is construed as arising under 42 U.S.C. §1983, but should be denied to the extent that the amended complaint erroneously cites the FTCA;

9. Plaintiff's request to amend her complaint to reassert Count X also should be granted;

10. Plaintiff's request to amend to add a claim for intentional infliction of emotional distress in Count XI should be denied as to any political subdivision Defendants and permitted only against the individual Defendants to the extent that they are sued in their individual capacities;

11. Plaintiff's request to amend to add a claim of negligent infliction of emotional distress and a general negligence claim in Counts XII and XIII should be denied as to all Defendants except for Defendant Gregory Lester and the State of Ohio;

12. Plaintiff's request to amend to add eleven new individuals as Defendants should be DENIED, because the proposed amended complaint fails to state any claim against the following individuals: Evonne L. Kovach, Jeffrey D. Forbes, Fred H. Murrell, Glenn A. Drees, L. Christine Visnich, Kenneth R. Burck, Sr., Joseph E. Wolterman, Jr., Gregory F. Hermes, David B. Adams, Maria C. Waltherr-Willard, and Jeffrey T. Halter. By contrast, Plaintiff's request to add David B. Moore and Georgia Z. Coddington as new individual Defendants should be GRANTED.

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge

UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA A. ANDWAN,                                              Case No. 1:13-cv-624
        Plaintiff,

                                                                       Beckwith, J.
                                                                       Bowman, M.J.
       v.

VILLAGE OF GREENHILLS, et al.,

        Defendants.

## NOTICE

Pursuant to Fed. R. Civ. P 72(b), any party may serve and file specific, written objections to this Report and Recommendation ("R&R") within **FOURTEEN (14) DAYS** of the filing date of this R&R. That period may be extended further by the Court on timely motion by either side for an extension of time. All objections shall specify the portion(s) of the R&R objected to, and shall be accompanied by a memorandum of law in support of the objections. A party shall respond to an opponent's objections within **FOURTEEN (14) DAYS** after being served with a copy of those objections. Failure to make objections in accordance with this procedure may forfeit rights on appeal. *See Thomas v. Arn,* 474 U.S. 140 (1985); *United States v. Walters,* 638 F.2d 947 (6th Cir. 1981).