UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patricia A. Andwan,                      :     Case No. 1:13-cv-624
                                         :
        Plaintiff,                       :
                                         :
vs.                                      :
                                         :
Village of Greenhills, Ohio, et al,      :
                                         :
        Defendants.                      :

## ORDER

On October 16, 2014, the Magistrate Judge issued two Reports and
Recommendations concerning several motions filed in this case.  (Docs. 67 and 68)
Plaintiff has filed objections to both of the Reports.

In her first Report (Doc. 67), the Magistrate Judge granted Plaintiff's motion for a
new calendar order, and ordered the parties to confer about an updated Rule 26(f)
report.  The Magistrate Judge also ordered that Defendants need not respond to the
Plaintiff's proposed first amended complaint until this Court ruled on Plaintiff's motion
for leave to amend her complaint.

Plaintiff objects, citing a variety of reasons she believes the Magistrate Judge
erred.  For instance, she notes that in February 2014, this Court stayed the case after
granting her attorneys' motion to withdraw (see Doc. 16).  She cites Local Rule 16.2,
which states that pretrial scheduling orders will normally be set within 90 days of the
filing of a complaint.  And she suggests that the Magistrate Judge overstepped her
authority in requiring another Rule 26(f) report, because "all counsel" have not yet been
identified or appeared in this action.  She accuses the Magistrate Judge of "obstruction

and delay" that has hindered her ability to prosecute her claims.  She asks this Court to order "all Defendants to file a timely notice of appearance and timely Answer," so that she may seek summary judgment.

The record establishes that Plaintiff filed her original complaint on September 9, 2013.  After her attorneys were granted leave to withdraw in February 2014, this Court stayed the case for a month to give Plaintiff time to retain new counsel.  She sought an extension of time to retain new counsel, which was granted.  The Court extended the stay to April 30, 2014, but informed Plaintiff that she would have to proceed pro se if she did not retain a lawyer by then.  She filed an amended complaint on April 30, without properly seeking leave to do so, and filed a motion for a change of venue.  She also filed several other non-dispositive motions, such as a motion for sanctions against one of the defendants' attorneys.  After all of these motions (and Plaintiff's belated motion for leave to amend her complaint, which the Magistrate Judge granted her permission to file) were briefed, the Magistrate Judge issued the two orders at issue on October 16, 2014.  Plaintiff then sought an extension of time to December 3 to file objections, which was also granted.

As these facts clearly show, the Magistrate Judge has done nothing to improperly delay the prosecution of this case.  The Magistrate Judge's first Report simply attempted to clarify the status of the pleadings, and to avoid further confusion by instructing Defendants that they need not file answers to the proposed amended complaint until this Court ruled on Plaintiff's motion for leave to amend.  Plaintiff's objections to the first Report are therefore overruled.

The second Report (Doc. 68) addresses Plaintiff's motion for leave to amend her

-2-

complaint.  (See Doc. 55 and Doc. 70, the latest version of the proposed amended complaint.) The Magistrate Judge notes that Plaintiff's original complaint alleged claims against the Village of Greenhills, its Police Chief, and four police officers.  Plaintiff's amended complaint proposes to add some 26 other defendants and a panoply of additional claims.  The original Greenhills Defendants opposed Plaintiff's motion for leave to amend (Doc. 60), raising a number of arguments.  The Magistrate Judge considered their arguments and Plaintiff's response, and she recommended that the motion to amend should be granted in part and denied in part, because some of the proposed claims fail to allege a plausible claim for relief pursuant to Fed. R. Civ. Proc. 12(b)(6).

In her objections (Doc. 82), Plaintiff initially argues that this Court improperly permitted her attorneys to withdraw without holding a hearing, resulting in her inability to find another lawyer.  She asserts that "the deck is stacked" against her.  This Court has already rejected this argument; as was noted in its prior order, the Court has no obligation to hold a hearing on an attorney's motion to withdraw from representing a civil litigant.  Plaintiff cites no legal authority suggesting otherwise.

Plaintiff then asserts that this Court has a conflict of interest which requires this Court to recuse itself. She suggests that this Court "supervised" the Hamilton County Courts and the County prosecutor's office from 1989 to 2004, and that her familial relationships have caused irreparable bias and prejudice.  In the July 16, 2014 Order in this case, this Court denied Plaintiff's motion to change venue which was based upon similar unsupported accusations.  In denying that motion, this Court stated:

The undersigned served as a [county] commissioner in the late 1980's

and early 1990's before being appointed to the federal bench in 1992.
Since that time, this Court has presided over numerous cases brought
against Hamilton County and/or its officers and employees with no
suggestion of a lack of impartiality or bias. And the fact that this Court
practiced law in Hamilton County at one time is plainly insufficient to
establish a basis for recusal. Plaintiff cites 28 U.S.C. §455(a), which
states that a judge shall disqualify herself "in any proceeding in which [her]
impartiality might **reasonably** be questioned." (emphasis added) This
Court concludes that Plaintiff's arguments do not constitute a **reasonable**
basis upon which this Court's impartiality might be questioned.

(Doc. 59 at 5)  Plaintiff's current accusations of bias are also unsupported, and her facts

are wrong.  The Court will not dignify Plaintiff's accusations with a point-by-point

rebuttal.  The Court does remind Plaintiff that in any lawsuit, each litigant may prevail on

some issues and lose on others.  When issues that may arise during the course of a

lawsuit are decided against a party, the decision is not, and should not be perceived to

be, a decision based on a court's bias, prejudice, or political affiliation.

Plaintiff is specifically cautioned that her baseless accusations and flagrant

misstatements of fact regarding this Court, its judicial officers and employees, must

stop.  If she continues with this course of conduct, she will be subject to the imposition

of sanctions, which may include the dismissal of her lawsuit.  This admonition fully

applies to Plaintiff's equally baseless accusations against the Magistrate Judge, whom

Plaintiff complains was "politically hired" and is biased against her.

The Court also rejects Plaintiff's suggestion that anything that the Magistrate

Judge has done or said has delayed this case due to bias against Plaintiff.  Indeed, the

record shows that Plaintiff's own actions and decisions regarding her lawsuit have

resulted in the delays of which she now complains.  The Magistrate Judge did not

unlawfully "pre-screen" Plaintiff's complaint, as Plaintiff argues.  As the Report plainly

-4-

states, Plaintiff is not proceeding in forma pauperis, but is appearing pro se.  In considering Defendants' opposition to Plaintiff's motion for leave to amend, the Magistrate Judge liberally construed the allegations of her amended complaint in light of her pro se status, and applied the general rule that leave to amend should be freely granted.  The Magistrate Judge did not err in applying these standards.

The Court will next consider Plaintiff's specific objections to the Magistrate Judge's recommendations concerning her amended complaint (Doc. 68).  Plaintiff does not object to the denial of leave to amend with respect to claims under 18 U.S.C. §§241, 242 and 42 U.S.C. §14141.  She does object to the recommendation regarding her claim under 42 U.S.C. §1985, arguing that as a "class of one," she has plausibly alleged a conspiracy to discriminate against her.  In order to proceed under that statute, she must allege that some invidious unlawful discriminatory animus motivated the conspiracy against her.  The Court has examined her complaint, and fails to perceive any basis upon which she could proceed under such a theory.  Moreover, the Magistrate Judge has recommended that her claim for conspiracy under 42 U.S.C. §1983 be allowed to proceed, despite some serious questions as to the identity of the members of the alleged conspiracy.  The Court therefore overrules her objection with regard to the Section 1985 claim.

Plaintiff then objects to the recommendation to deny leave to add a claim against the State of Ohio for malicious prosecution and "unreasonable prosecutorial seizure." She argues that the 2011 criminal actions filed against her in Hamilton County court were captioned "State of Ohio v. Patricia A. Andwan."   She therefore suggests that the State acted through the County Prosecutor when it falsely accused her of crimes

without probable cause. She also suggests that she has stated a valid claim for damages against the State. Plaintiff's objections clearly lack merit, because the State of Ohio is immune from any liability to Plaintiff under the Eleventh Amendment to the Constitution. Moreover, the "State" is not a "person" for purposes of an action under Section 1983, and no claim lies against the "State" of Ohio under that statute.

Next, Plaintiff concurs with the recommendation to grant leave to amend her claim for false/unlawful arrest against the originally-named Defendants, but objects to the recommendation that denies leave to add a group of additional defendants to this claim. The newly identified defendants include the "Village," Doyle, Coddington, Lester, Goetz, "Park," "City," J. Ward, Carr, Harris, and White. See Doc. 55-1 at 27. The Magistrate Judge concluded that any amendment would be futile because any claims against new defendants arising from the same incident would be barred by the applicable statute of limitations. In Ohio, the two-year statute of limitations for personal injuries applies to a claim for false arrest. In her original complaint, Plaintiff alleged that she was arrested by Greenhills Police Officer Moore on November 1 or 2, 2011, and she alleged a claim for false arrest against Moore. (Doc. 1 at ¶¶32-33 and 44-47) Her proposed amended complaint alleges that this additional group of individuals were also involved in and liable for her arrest, including officers and/or elected officials and employees from Greenhills and/or Forest Park and/or the Hamilton County Park District. She argues that the amended claim against these additional defendants would relate back to the date of original filing under Rule 15(c).

Plaintiff misapprehends the requirements of Rule 15. That Rule permits a claim to relate back to the original pleading only if (1) the claim arises out of the same

conduct or circumstances; (2) the added party received adequate notice within the time provisions of Rule 4(m) such that the party would not be prejudiced by the amendment; and (3) the added party must or should have known that, but for a mistake about his or her identity, the action would have been brought against that party. See, e.g., Smith v. City of Akron, 476 Fed. Appx. 67, 69-70 (6th Cir. 2012), and cases cited therein. Plaintiff does not claim that she was mistaken about any of these individuals' identity when she filed her original complaint. And her proposed amended complaint demonstrates that she was well aware of who was involved in her arrest at that time. Rule 15(c)(2) also requires that the new party receive notice of the claim within 120 days of filing the original complaint. Plaintiff filed her complaint on September 9, 2013, and her amended complaint was initially filed on April 30, 2014, a period well in excess of the 120-day period required by Rule 4(m) (even omitting the period during which the stay was in place). She has not attempted to explain the delay.

Nor is Plaintiff's citation to Rule 15(d) of assistance to her arguments. That Rule permits the filing of a supplemental pleading to describe events that occur after the date of the original pleading. Plaintiff's allegations all concern the original event, her arrest by Officer Moore on November 1 or 2, 2011. Plaintiff's objections to the recommendations concerning Count VI, false arrest, are therefore overruled.

Plaintiff next objects to the Magistrate Judge's recommendation that the Court should deny leave to add a claim for failure to intervene against Defendants "Village," "Officials," Doyle, Coddington, Lester, "City," J. Ward, Carr, Harris, White, Park, [and] Goetz." The "failure to intervene" claim presumably arises under Section 1983, as Plaintiff alleges that police officers have a duty to protect citizens from unlawful and

unconstitutional conduct by their fellow officers.  This claim is subject to the same two-year statute of limitations that applies to Plaintiff's false arrest claim against Officer Moore, and the same result applies to her proposal to add additional defendants to this claim.  Plaintiff objects, reiterating her arguments about relation-back, and suggesting that discovery and depositions will provide evidence to support the pattern-and-practice allegations.  For the same reasons outlined above, the Court finds that the failure to intervene claim against the newly-added defendants is clearly time-barred, and leave to amend is properly denied on that basis.

Plaintiff concurs with the Magistrate Judge's recommendation that she may reassert Count VIII, a claim for malicious prosecution, and with the recommendation regarding Count IX, a "federal abuse of process" claim that should be construed as arising under Section 1983.  However, she objects to the Magistrate Judge's recommendation to deny leave to add any claim under the Federal Tort Claims Act (which she cites in her proposed amended complaint).  In her objections, Plaintiff recognizes that the FTCA applies to certain tort claims against the **United States**, and she cites the "law enforcement proviso" which permits intentional tort claims to be brought against federal prison guards in certain circumstances.  The Court is unable to discern any allegations against any federal defendants in Plaintiff's proposed amended complaint.  The FTCA has no application to her claims against a variety of state and local defendants brought under Section 1983.  Plaintiff's objections on this basis are therefore overruled.

Plaintiff does not object to the Magistrate Judge's recommendation regarding Count X, common law abuse of process.  She does object to the recommendation to

deny leave to add a claim for intentional infliction of emotional distress to Count XI against any of the political subdivision defendants, and to grant leave only with respect to individual defendants sued in their individual capacities. She argues that "ALL" Defendants are liable for her emotional distress due to "continual harassment and intimidation" orchestrated by the Village and its officials. Plaintiff does not address the Magistrate Judge's conclusion that any intentional tort claims against the Village, the Park District, the City of Forest Park, and Hamilton County, would be futile because political subdivisions are immune from such claims under Ohio law. They are also immune from liability for intentional torts committed by employees or agents. The Magistrate Judge has correctly stated governing Ohio law, and the Court agrees with her conclusion. Plaintiff's intentional infliction of emotional distress claims are properly brought only against the individual defendants sued in their individual capacities. Plaintiff's objections are overruled.

Regarding Counts XII and XIII of the amended complaint, Plaintiff sought leave to add negligent infliction of emotional distress and negligence claims against all defendants. Except for Gregory Lester (who Plaintiff alleges is a tree services contractor), all of the individual defendants are alleged to be political subdivision employees, police or park district officers, or elected officials. Political subdivision employees are immune from ordinary negligence claims under Ohio Rev. Code 2744.03(A)(6), with exceptions that do not apply here. The Magistrate Judge recommended denying leave to amend on that basis. Plaintiff objects, asserting that the Magistrate Judge is providing "escape clauses for all Defendants...". (Doc. 82 at 12) The Court overrules Plaintiff's objections, because the Magistrate Judge correctly

-9-

relies on Ohio statutory immunity from negligence claims that is extended to political subdivision employees.  An exception exists when an employee's acts are committed with "malicious purpose, in bad faith, or in a wanton or reckless manner," and Plaintiff's **intentional** tort claims against the individual defendants will proceed, as discussed above.  But her objections fail to raise any cogent argument supporting her proposed negligence claims against the Defendants.  Her objections are therefore overruled.

Finally, the Magistrate Judge addressed Defendants' argument that Plaintiff's amended complaint failed to plausibly allege any claims against eleven individuals: Evonne Kovach, Jeffrey Forbes, Fred Murrell, Glenn Drees, Christine Visnich, Kenneth Burck, Sr., Joseph Wolterman, Jr., Gregory Hermes, David Adams, Maria Waltherr-Willard, and Jeffrey T. Halter.  As the Defendants noted in opposing Plaintiff's motion for leave to amend, each of these individuals is mentioned at some point in the amended complaint, but there are no claims specifically alleged against any of them. After reviewing the amended complaint, the Magistrate Judge agreed that the few facts alleged about these eleven individuals were insufficient to state a claim, and would not survive a motion to dismiss.  For that reason, she recommended that leave to amend be denied as to the eleven individuals.  She also recommended that leave to amend be granted as to David Moore and Georgia Coddington, because those individuals are more specifically alleged to have engaged in certain conduct that Plaintiff alleges violated her rights.

Plaintiff objects, arguing that every individual identified in her amended complaint is a "legitimate defendant," and that each of them participated in meetings or executive session decisions, or recorded conversations, and all are accountable to her.  She

-10-

again claims that discovery and depositions will validate her accusations. And she again accuses the Magistrate Judge of attempting to "decimate and confuse" her case. (Doc. 82 at 13)

As the Magistrate Judge correctly noted in her Report, the law is "... well settled that liability for a claim brought under 42 U.S.C. §1983 may not be based upon a theory of respondeat superior, but instead must be based on individual actions. ... In addition, factual allegations in the complaint need to be sufficient to give notice to the defendant as to what claims are alleged, and the plaintiff must plead sufficient factual matter to render the legal claim plausible, i.e., more than merely possible." (Doc. 68 at 15, internal citations omitted) Plaintiff's attacks on the Magistrate Judge, and her insistence that discovery will validate her contention that all of these individuals were "involved" in some fashion with the events alleged in her complaint, are plainly insufficient to satisfy her pleading burden under Rule 12(b)(6). Even a liberal and generous review of her proposed amended complaint, in view of her pro se status, does not reveal the basis for a plausible claim against any of the eleven individuals.

Plaintiff's objections on this issue are therefore overruled, and leave to amend to add these individuals as defendants is denied.

## CONCLUSION

For all of the foregoing reasons, Plaintiff's objections (Docs. 73, 82) to the Reports of the Magistrate Judge (Docs. 67 and 68) are overruled. The Magistrate Judge's recommendations regarding Plaintiff's motion for leave to amend her complaint (see Doc. 68 at 16-17) are adopted in full.

Plaintiff's motion to strike the Magistrate Judge's Report (Doc. 83) is denied.

-11-

This matter is committed to the Magistrate Judge for a Report and Recommendation concerning the pending motions to dismiss (Docs. 78, 79, 80, and 81), when those motions are fully briefed.

SO ORDERED.

DATED: December 23rd, 2014

Sandra S. Beckwith, Senior Judge
United States District Court