UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

Patricia A. Andwan, : Case No. 1:13-cv-624
:
    Plaintiff, :
:
vs. :
:
Village of Greenhills, Ohio, et al, :
:
    Defendants. :

**ORDER**

    Before the Court is the motion for partial judgment on the pleadings filed by the Village of Greenhills and Andrew D. Moore, a Greenhills Village police officer.  (Doc. 110)  Plaintiff opposes the motion (Doc. 112), and Defendants have filed a reply.  (Doc. 113)  The Village seeks entry of judgment on Plaintiff's claim for intentional infliction of emotional distress, arguing that it is immune from such a claim under Ohio law.  Both Defendants move for judgment on Plaintiff's assault and battery claim, arguing that it is untimely and barred by the applicable statute of limitations.

    Plaintiff, Patricia Andwan, filed her original complaint in this case on September 9, 2013.  (Doc. 1)   She was represented by counsel at that time, and asserted several claims against the Village of Greenhills and several individual defendants for malicious prosecution, false arrest, and abuse of process.  Andwan's first attorney was granted leave to withdraw, and she appeared pro se from April 30, 2014 until January 9, 2015, when new counsel filed a notice of appearance.  (Doc. 99)  At that time, Andwan had filed a lengthy complaint that joined many additional parties and claims, and several motions to dismiss were being briefed.  Her new lawyer filed a motion to stay along with

a proposed second amended complaint, which considerably narrowed her claims and the number of defendants. At a subsequent telephone conference conducted by the Magistrate Judge, Andwan's counsel orally moved for leave to file a second amended complaint, which was granted without opposition from the defendants.

The second amended complaint includes four claims for relief against the Village of Greenhills, Police Officer Andrew D. Moore, and Gregory Lester, a private contractor for the Village. She alleges a claim for assault and battery against the Village and Officer Moore, arising from an incident that took place on November 2, 2011; a claim for excessive use of force under 42 U.S.C. §1983 based on the same incident: a claim against the Village and Moore for intentional infliction of emotional distress; and a claim against Lester for malicious prosecution and/or abuse of process. The Defendants filed answers (Docs. 106, 107), and on March 11, 2015, the Village and Moore filed their pending motion under Fed. R. Civ. Proc. 12(c).

The motion contends that Andwan's assault and battery claim contained in Count One is time-barred. Under Ohio law, the applicable statute of limitations for such claims is one year from the date of the incident; see Ohio Rev. Code 2305.111. Andwan alleges that the incident occurred on November 2, 2011, and Andwan's second amended complaint was not filed until January 2015. Even if the claim relates back to Andwan's original complaint filed on September 9, 2013, it would be untimely under Ohio law. The Village of Greenhills also seeks dismissal of the intentional infliction of emotional distress claim, relying on the Ohio statute providing for political subdivision immunity from such intentional torts.

Andwan opposes Defendants' motion with respect to her assault and battery

claim. She contends that the motion is untimely, and that Defendants should have filed their motion under Rule 12(b)(6), before they answered the complaint. She notes that her assault and battery claim is related to her excessive force claim brought pursuant to Section 1983. And she cites the fact that Defendants did not oppose her earlier motion to amend her complaint to allege an assault and battery claim. She suggests that their failure to oppose leave to amend should be treated as the "law of the case," and that judgment on the pleadings is therefore not proper. (Andwan concedes that her IIED claim against the Village must be dismissed "at some point," even if the Court should find that Defendants' Rule 12(c) motion was improperly filed.)

A motion for judgment on the pleadings is reviewed under the same standards as those applicable to a motion to dismiss under Rule 12(b)(6). HDC, LLC v. City of Ann Arbor, 675 F.3d 608, 611 (6th Cir. 2012). The Court must construe the well-pleaded allegations of the complaint in the light most favorable to the plaintiff, and must determine if those allegations plausibly state a claim for relief. Id. (internal citations omitted). Andwan does not dispute that a one-year statute of limitations applies to claims for assault and battery in Ohio. And she does not dispute that her claim, measured by that statute, is untimely. She argues that Defendants should have filed a motion under Rule 12(b)(6), rather than waiting until after their answer was filed to raise the limitations defense. But since the same legal standards apply to both motions, the Court can discern no error in Defendants' decision to seek judgment on the pleadings, and no discernable prejudice to Andwan that resulted. Moreover, Rule 12(h)(2) specifically states that the defenses of failure to state a claim upon which relief can be granted, or any legal defense to a claim, may be raised in a pleading, a Rule 12(c)

motion, or at trial. Defendants raised their defenses in their answer and also in their Rule 12(c) motion, as permitted by the Rule.

With regard to Andwan's suggestion that "law of the case" or some sort of waiver applies to Defendants' lack of opposition to a prior amended complaint: Andwan cites no cases holding or suggesting that such a rule should apply in these circumstances. Motions to amend under Rule 15 are reviewed under liberal standards and generally should be freely granted, while Rule 12(c) motions are reviewed under the standards articulated above. In addition, the Court notes that Andwan filed her prior proposed amended complaint on June 23, 2014, and proposed to add 26 additional defendants and include thirteen separate claims for relief. The Magistrate Judge's Report and Recommendation regarding that amendment notes that the Defendants did not oppose amendment of her claim for assault and battery and excessive force against Defendant Moore. But the Magistrate Judge specifically held: "Contrary to Plaintiff's position, however, Defendants' failure to object to the proposed amended claim is not tantamount to an 'admission of liability,' but reflects nothing more than that the amendment of that single claim is unopposed." (Doc. 68 at 8-9) Defendants state that when new counsel appeared in January 2015 and sought leave to file another amended complaint - which greatly simplified the parties and the claims - they did not object, and chose to address the claims after filing rather than under Rule 15.

The Court concludes that the Defendants are entitled to judgment on the pleadings on Andwan's assault and battery claim under Ohio law. While she notes that this claim is "related" to her excessive force claim, the latter is not affected by the dismissal of her common law claim. The face of her complaint establishes beyond

dispute that the assault and battery claim was filed well beyond the one-year statute of limitations, and it therefore shall be dismissed.

For all of these reasons, the Court grants the motion filed by the Village of Greenhills and Andrew D. Moore, and enters partial judgment in their favor on Plaintiff's claim for common law assault and battery raised in Count One of her Second Amended Complaint. The Village of Greenhills is also entitled to judgment on Plaintiff's claim for intentional infliction of emotional distress.

The case remains pending on the balance of Plaintiff's claims against the Village, Officer Moore, and Gregory Lester.

SO ORDERED.

DATED: April 15, 2015                      s/Sandra S. Beckwith
                                                             Sandra S. Beckwith, Senior Judge
                                                             United States District Court