UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA A. ANDWAN,  Case No. 1:13-cv-624
    Plaintiff,

                                                                Beckwith, J.
                                                                Bowman, M.J.

    v.

VILLAGE OF GREENHILLS, et al.,

    Defendants.

## MEMORANDUM ORDER

### I. Introduction

Plaintiff paid the requisite filing fee and initiated this litigation through counsel on September 9, 2013. For most of the intervening period of time from that date until the present time, however, Plaintiff has proceeded *pro se*. Currently pending before the Court are four motions filed by Plaintiff, all of which concern her recent termination of her second retained attorney, and request for a continuation of existing pretrial deadlines.

### II. Background

Shortly after the Court entered a calendar order, Plaintiff's first attorney moved to withdraw from representation, citing "a severe and fundamental disagreement as to how this case should be litigated." Counsel's affidavit in support of his motion referred to frequent communications "with Plaintiff in person, via telephone, and by email dozens of times concerning the complaint, witness lists, and particular items of discovery," but explained that he and Plaintiff were unable to resolve "irreconcilable differences of

1

opinion…. as to how this case should proceed" despite their "numerous" communications. (Doc. 14).

The Court granted counsel's motion to withdraw and directed Plaintiff to either notify the Court of substitute counsel or proceed *pro se* by March 21, 2014. (Doc. 16). Although the Court subsequently extended that deadline until April 30, 2014, the Court cautioned Plaintiff that if she could not obtain counsel, she would be required to continue to prosecute her case *pro se.* (Doc. 21). The undersigned noted that Plaintiff's motion "states that she has contacted more than thirty attorneys, but all of them have declined to represent her due to 'lack of time; makeup of initial Complaint; logistics of the Court.'" (Doc. 21). To emphasize the point that the Court would not tolerate long delays merely to permit Plaintiff to seek representation to her liking, the Order stated in bold: "**No further extensions of this date will be granted**." (*Id.*). When Plaintiff subsequently elected to proceed *pro se* and sought electronic filing privileges, the court granted that motion. (Doc. 24).

On June 10, 2014, the undersigned entered an order that (in part) struck a procedurally improper amended complaint filed by the now-*pro se* Plaintiff without leave of court. Plaintiff objected but the Court overruled those objections on July 16, 2014 (Doc. 59). Plaintiff filed an interlocutory appeal, which was subsequently dismissed on September 26, 2014.

On October 16, 2014, the undersigned granted Plaintiff's motion to clarify and/or for a new Calendar Order. On the same date, the undersigned recommended that most of Plaintiff's motion to amend her complaint be denied as "futile," although the undersigned permitted a very narrow portion of the proposed amendment. (Docs. 67-

68). Plaintiff filed a number of documents objecting to that R&R, but the Court overruled all objections and adopted the R&R on December 24, 2014. (Doc. 93).

On January 9, 2015, after Plaintiff had proceeded *pro se* for nearly a year, a second retained attorney entered his appearance for Plaintiff. (Doc. 99). A telephonic status conference subsequently was convened before the undersigned, with new counsel participating. Plaintiff's oral motion to file a second amended complaint was granted on January 23, 2015, with new calendar deadlines entered for fact discovery, for expert discovery, and for the filing of dispositive motions. (*See generally* Minute Entry of 1/23/15 and Doc. 105).

On April 15, 2015, the Court granted the Defendants' motion for partial judgment on the pleadings, holding that Plaintiff's assault and battery claim was barred by the applicable statute of limitations, and that her intentional infliction of emotional distress claim was barred by immunity. (Doc. 114).

After a relatively brief four-month stint of representation, on May 5, 2015, Plaintiff filed a "notice" that she had terminated her second retained counsel. On the same date, Plaintiff filed a motion seeking a stay of all discovery and continuance of this case pending her receipt of her case file from the same attorney, and to "locate and interview" prospective new counsel. Plaintiff also requested a copy of the "current Rule 26(f) Report." (Docs. 117, 119). The latter request will be denied because the Rule 26(f) report is filed in the electronic record, to which Plaintiff has full access.[1]

On the same May 5, 2015 date, Plaintiff filed a motion to compel her attorney to produce her prior case file to her, including copies of all communications. (Doc. 118).

---

[1] The electronic case file may be accessed through use of a public computer terminal in the Clerk's office. Additionally, Plaintiff was previously granted cm/ecf access as a pro se litigant. (Doc. 24).

Her motion states that she has terminated the relationship because she feels she has been harmed by "negligent" counsel. Plaintiff reiterates her request to stay proceedings in order to interview prospective new counsel.

It must be noted that it was not until May 5, 2015 that Plaintiff's attorney himself filed a motion to withdraw from representing her. (Doc. 120). In his motion seeking withdrawal, Mr. Conway, like Plaintiff's first attorney, refers to irreconcilable differences between himself and his client regarding how to proceed, despite <u>extensive</u> communication:

> The undersigned suggests given the fact the undersigned has been the recipient and respondent to over 400 e-mails from the Plaintiff (I am not exaggerating) since entering an appearance in this case about 4 months ago there is no possible way the Plaintiff has been uninformed. In fact the undersigned has copied the Plaintiff on all motions and responses to all motions in this case and discovery demands from opposing counsel, and was preparing to wrap up discovery documents production when he was terminated.
> …………..
> [T]he Plaintiff seeks unrealistic control and command over the lawyer who represents her and that demand has interfered with the undersigned's ability to exercise independent judgment in deciding what litigation course to take in this case, engage in a meditative and deliberative process to prepare this case, and created a very difficult to carry on relationship with a client who insists on being in effect co-counsel without the assent of the undersigned.

(Doc. 120 at 1-2). The Court granted counsel's motion on May 8, 2015, "[f]or the reasons stated in Mr. Conway's motion to withdraw." (Doc. 121).

Plaintiff objects to Judge Beckwith's order, arguing that the order is harmful to Plaintiff and "shows bias" to the extent that it grants her former counsel's motion for "the reasons stated" by him. (Doc. 123). Plaintiff's "objection" has been docketed as a motion to "amend/correct" the Court's prior order. Plaintiff also filed a reply in support of her prior motion to compel and motion to stay. (Doc. 124).

4

In addition to the extensive communications with her prior counsel, Plaintiff frequently has attempted to communicate directly with this Court through a series of telephone calls, emails, and/or letters. On June 5, 2015, a case administrator responded to an email by Plaintiff by reiterating to her that "[a]ll communications with the Court must be through a pleading or motion submitted to the Clerk of Court for filing and served on opposing counsel," and that "[l]etters and/or emails are generally not an acceptable means of communication with the Court….If you solely wish to advise Judge Bowman that you received your case file, you may do so by contacting her courtroom deputy by telephone." The June 5 email from the case administrator followed similar verbal directives to Plaintiff from various court personnel.

On June 9, 2015, Plaintiff sent the following email to the Deputy Clerk to the undersigned magistrate judge:

> Deputy Moser,
>
> Please inform the Court that former Plaintiff attorney Michael Conway shipped Plaintiff's case file (delivered 5/26/2015). As instructed below, I will place a call to (513) 454-7646 to report his same information. Additional information regarding Plaintiff's Motion to compel; attorney delays and discovery obstruction will be conveyed to the Court via pleading and or motion.

The Deputy Clerk forwarded Plaintiff's email to the undersigned, thereby relating that Plaintiff has received her case file from Mr. Conway. However, Plaintiff did not withdraw her pending motion to stay discovery and continue this case, nor did she move to withdraw her motion to compel Mr. Conway to produce said file. (Docs. 117, 118). Instead of withdrawing her motions, on June 24, 2015, Plaintiff filed yet another motion seeking a further 60-day extension of time to complete discovery and of all other pretrial deadlines. (Doc. 125).

5

Previously, following the filing of Plaintiff's second amended complaint, the undersigned directed fact discovery to conclude on June 30, 2015, for Plaintiff to disclose experts by July 30, 2015, for Defendants to provide corresponding disclosures by September 16, 2015, and for all parties to file any dispositive motions by October 15, 2015.  Although Plaintiff contends that defense counsel does not oppose her requested extension, the undersigned declines to grant a full 60-day extension at this time. To date, the progress of this litigation has been painstakingly slow.  More than a year ago in the Court's order of April 2, 2014, the undersigned attempted to make clear to Plaintiff that neither her *pro se* status nor her desire to interview and retain new replacement counsel justifies further extensions or delay.  (Doc. 21).

### III.  Conclusion and Order

Accordingly, **IT IS ORDERED HEREIN**:

1. Plaintiff's motion to stay, motion for extension of time until her case file is produced, and motion to compel production of her case file (Docs. 117, 118) are DENIED AS MOOT in light of the production of her case file to her by her most recent counsel.  Her request for a copy of the parties' Rule 26(f) report is similarly denied based upon the filing of the same in the record of this case.  (See Doc. 75);

2.  Plaintiff's motion to amend/correct Judge Beckwith's prior order granting Mr. Conway's motion to withdraw as counsel (Doc. 123) is DENIED on grounds that the undersigned does not find the Court's order to be prejudicial;

3. The deadline for completion of fact discovery is hereby EXTENDED until July 30, 2015;

6

4. Except as to the deadline for fact discovery, the ruling on Plaintiff's pending motion for an extension of time, motion to compel, and motion to schedule an in-person case management conference (Doc. 125) will be STAYED until the filing of a formal response by Defendants or the expiration of time for doing so;

5. In order to minimize further delay, Defendants shall file a written response to Plaintiff's pending motion (Doc. 125) on or before **July 8, 2015;**

6. The Clerk of Court shall mail a courtesy copy of this order to former counsel, Mr. Conway, by regular United States mail.

                *s/ Stephanie K. Bowman*
                Stephanie K. Bowman
                United States Magistrate Judge