UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF OHIO
WESTERN DIVISION

PATRICIA A. ANDWAN,  Case No. 1:13-cv-624
    Plaintiff,

                                           Barrett, J.
                                           Bowman, M.J.
    v.

VILLAGE OF GREENHILLS, et al.,

    Defendants.

**MEMORANDUM OPINION AND ORDER**

**I. Introduction**

More than three and a half years ago, Plaintiff Patricia Andwan, through experienced counsel, paid the requisite filing fee and initiated this civil rights suit.[1] Counsel subsequently withdrew, and with the notable exception of representation by a second attorney for a four-month period in 2015, Plaintiff has prosecuted her claims *pro se* since then.  Pursuant to local practice, all pending motions have been referred to the undersigned magistrate judge.

Currently pending before the undersigned is a motion labeled as a "pro se motion to disqualify Magistrate Judge Step[h]anie K. Bowman and assign another magistrate to assist Judge Barrett and Motion for an in-person hearing to discuss and assign substitute attorney to assist pro se Plaintiff."  (Doc. 196).  The motion is properly construed as a motion seeking the recusal of the undersigned magistrate judge. Because there exists no basis for recusal, Plaintiff's motion will be denied, as will related motions contained in the same document.

---

[1] Plaintiff has never proceeded *in forma pauperis* in this litigation.

1

In addition to Plaintiff's motion, Defendants have moved to defer expert depositions pending the resolution of dispositive motions. That motion also will be denied.

**II. Background**

This Court (comprised of the undersigned magistrate judge and the presiding district judge) [2] has denied several motions filed by Plaintiff in which she has sought either the appointment of counsel or "co-counsel," or has sought reconsideration of the same request. (Docs. 183, 186, 187, 190, 194; *see also generally* Doc. 59 at 4, Doc. 93, Doc.127). Plaintiff repeatedly has made clear her displeasure with these and other unfavorable rulings. Plaintiff's accusations of bias and expressions of displeasure with the Court's rulings have elicited warnings from the Court that

> her baseless accusations and flagrant misstatements of fact regarding this Court, its judicial officers and employees, must stop. If she continues with this course of conduct, she will be subject to the imposition of sanctions, which may include the dismissal of her lawsuit. This admonition fully applies to Plaintiff's equally baseless accusations against the Magistrate Judge, whom Plaintiff complains was "politically hired" and is biased against her.

(Doc. 93 at 4; *see also* Doc. 156, reiterating warning to Plaintiff that her *pro se* status does not excuse her compliance with all rules and orders). The Court has cautioned Plaintiff not only about her unfounded accusations of bias but also about her tendency to file the same or similar motions, presenting arguments previously rejected by this Court. (*See, e.g.* Docs. 157, 161, 162, 170; *see also* Doc. 175 at 5-6, advising Plaintiff that "vexatious, abusive and disrespectful conduct will no longer be tolerated and that continued conduct of this nature will result in sanctions" and setting forth specific steps

---

[2]This case was recently reassigned to U.S. District Judge Michael R. Barrett upon the retirement of Senior District Judge Sandra S.Beckwith.

based upon the fact that "Ms. Andwan has been warned directly on many occasions…[but] has not heeded these prior warnings."; Doc. 194 at 17-18, noting that the Court "has been extremely lenient and liberal with Plaintiff despite her continued disrespectful conduct…and despite her continual filing of 'new and improved' versions of repetitive arguments and motions.").

At the same time, the undersigned has done her best to provide a thorough explanation of the Court's rulings, with Plaintiff's *pro se* status in mind.[3] Most recently, this came in the form of an 18-page Memorandum Opinion and Order filed on January 18, 2017, which set forth the course of this litigation in painstaking detail, before denying Plaintiff's renewed "motion for reconsideration"" of the Court's prior denials of Plaintiff's requests for the appointment of counsel or co-counsel, and/or additional stays of this litigation. (*See* Doc. 194, denying motion seeking reconsideration of Docs 180, 185, 186, 189, 190). Suffice it to say that this Court's attempts to provide a thorough explanation to Plaintiff have not been to Plaintiff's satisfaction. The undersigned can do no more.

Plaintiff now seeks recusal based in part on Plaintiff's belief that the January 2017 Memorandum Opinion and Order, was "hostile, threatening and intimidating." The undersigned's last Order provides no more grounds for recusal than does any other prior Order of this Court.

In her motion, Plaintiff recites the same arguments that previously have been considered multiple times by this Court concerning allegations of judicial bias, her

---

[3]The Court has ruled in favor of Plaintiff on some occasions, having permitted her numerous extensions of time, granting a request for an in-person case management conference, a request to bring a non-attorney "companion" to that conference, partially granting a motion to compel discovery, and providing numerous other accommodations based upon Plaintiff's asserted medical conditions and mental health treatment. (See, e.g., Docs. 133, 138).

3

asserted entitlement to the appointment of counsel, complaints with prior counsel's representation, arguments concerning the inadequacies of the Court's prior rulings, and complaints about the Defendants' conduct, including but not limited to conduct in discovery. Admitting that she has filed "repeated Motions," Plaintiff gives no sign of understanding the Court's prior admonitions, insisting that she has "no alternative but to speak the Truth …and stay persistent." (Doc. 195 at 5). In addition to seeking the assignment of a new magistrate judge, Plaintiff again seeks the appointment of counsel, as well as another "in-person hearing to work out arrangements regarding providing Plaintiff with legal counsel." (*Id.*) She also seeks reversal of multiple prior rulings. Plaintiff admits that she conducted no fact depositions prior to the close of discovery due to her "lack of knowledge and experience," (*id.*), and therefore also seeks another extension of time to complete discovery, through at least May 10, 2017.

## II. Analysis

### A. Plaintiff's Motion to Disqualify Magistrate Judge Bowman

Although technically this is Plaintiff's first motion to recuse the undersigned magistrate judge, Plaintiff previously has accused the undersigned of judicial bias on multiple occasions. Each time, Senior District Judge Beckwith rejected Plaintiff's accusations of judicial bias by the undersigned magistrate judge. (*See, e.g.*, Docs. 59, 93, 162, 175). Plaintiff also previously moved for the recusal of Judge Beckwith on grounds of bias. Judge Beckwith declined to recuse, concluding that Plaintiff's arguments "do not constitute a **reasonable** basis upon which this Court's impartiality might be questioned." (Doc. 59 at 5, emphasis original). Viewing the record as a whole and carefully considering the reasons for recusal or disqualification under 28 U.S.C.

§455(a) as well as those stated by Plaintiff in her motion and 136 pages of exhibits, the undersigned concludes that Plaintiff's motion is without merit.

The undersigned also will deny Plaintiff's related motions to revisit prior rulings, including what she has labeled as her "fourth motion to substitute attorney to assist pro se Plaintiff," her motion for hearing, and a motion to extend time to complete all discovery until May 10, 2017. In the interests of judicial economy, because all of Plaintiff's arguments have been previously addressed in the January 2017 Memorandum Opinion and other prior orders of this Court, the undersigned declines to provide further explanation for these rulings.

The only question is whether to impose sanctions upon Plaintiff based upon her repetition of arguments repeatedly rejected by this Court. In the January 18, 2017 Order, the undersigned called Plaintiff's "second motion for reconsideration" for the appointment of counsel "a case in point" that "easily would support the issuance of a 'show cause' order and/or the imposition of sanctions" based upon Plaintiff's violation of the Court's prior warnings. Nevertheless, the Court declined to enter such an order

> based upon the historic leniency of this Court toward pro se litigants in general and Ms. Andwan in particular, in combination with the particular nature of the pending motion, the recent transfer of this case to a new presiding district court judge, and the additional evidence attached by Ms. Andwan to the motion (Dr. Swanson's letter). Should Plaintiff persist and file any additional motions seeking reconsideration of the same issues, however, the undersigned will feel no compulsion for future leniency.

(Doc. 194 at 17-18).

Once again, Plaintiff has willfully flouted this Court's warnings and admonitions, and filed a multi-part motion that is both repetitive and inappropriately accuses the undersigned of bias. Once again, the undersigned will exercise restraint in declining to

5

impose sanctions that are without a doubt well-earned.  The chosen restraint hangs on the slenderest of threads, however, and is based on the fact that technically the instant motion for disqualification is the first formal motion seeking recusal of the undersigned, despite its incorporation of several prior motions and prior arguments of bias.

### B.  Defendants' Motion for Extension of Expert Discovery

Defendants have filed a "joint motion for leave to defer expert depositions pending resolution of dispositive motions." (Doc. 196).  Seeking to curtail litigation costs, Defendants state that they do not need to depose Plaintiff's treating psychologist and therapist prior to moving for summary judgment, and would need to depose them only if this case proceeds to trial.  No trial date has yet been scheduled, and Plaintiff opposes Defendants' request for an extension of time.

The Court's last case management order directed expert depositions to be completed by this Friday, March 17, with dispositive motions due April 15, 2017.  The Court's Order stated that: "**No dates shall be extended. Any errors or failures to adhere to this schedule may result in the imposition of sanctions**, up to and including the dismissal of this lawsuit." (Doc. 170, emphasis added). Although the reference to the potential dismissal was specific to Plaintiff, the remainder of the Court's language counseling against any further extensions was directed to all parties.

The Court cannot approve of any further delays in this case based on the interests of this Court and of the public in bringing this litigation to a close.  Although the latest dispositive motion deadline was set after the completion of expert discovery, the deadline for completion of fact witness depositions expired on December 1, 2016. Pretrial deadlines in this case repeatedly have been extended for a variety of reasons,

6

resulting in the corresponding extension of the dispositive motion deadline. However, the Court's last case management could not have been more clear in stating that no further extensions would be granted.

Defendants have never been prohibited from filing a dispositive motion at any time. In fact, it is conceivable that Defendants could have filed their dispositive motion months ago, which might have permitted a judicial ruling in advance of the current April 15, 2017 deadline for completion of expert discovery. At this late date, further delays are potentially prejudicial to the Plaintiff and contrary to the interests of the public and of this Court.

**III. Conclusion and Order**

Accordingly **IT IS ORDERED THAT:**

1. Plaintiff's motion to disqualify the undersigned magistrate judge (Doc. 195) is **DENIED**;

2. Plaintiff's related motions to revisit prior rulings, including her "fourth motion to substitute attorney to assist pro se Plaintiff," her motion for hearing, and a motion to extend time to complete all discovery until May 10, 2017 (Doc. 195) are also **DENIED**;

3. Defendant's motion to defer expert depositions pending resolution of dispositive motions (Doc. 196) is **DENIED**. In the interests of justice and based upon the timing of this Order, the deadline for the completion of expert discovery will be briefly extended up through and including **April 15, 2017**. The dispositive motion deadline will remain unchanged;

4. **IF PLAINTIFF PERSISTS IN FILING ANOTHER REPETITIVE MOTION THAT CONTAINS SUBSTANTIALLY THE SAME ARGUMENTS, THE UNDERSIGNED WILL IMPOSE A SANCTION.**

*s/ Stephanie K. Bowman*
Stephanie K. Bowman
United States Magistrate Judge