# UNITED STATES DISTRICT COURT
# SOUTHERN DISTRICT OF OHIO
# WESTERN DIVISION

| | |
|---|---|
| PATRICIA ANDWAN ) | |
| ) | |
| Plaintiff, ) | Case No.: 1:13cv624 |
| ) | |
| vs. ) | Judge Michael R. Barrett |
| ) | Magistrate Judge Stephanie K. Bowman |
| VILLAGE OF GREENHILLS, OHIO, *et al.*, ) | |
| ) | |
| Defendants. ) | |

## ORDER

This matter is before the Court on Plaintiff Pro Se Urgent Motion Intervene with Injunction to Halt Demolition of Plaintiff's Historic Neighborhood – 28 Homes >>> Retaliation and Intimidation of Plaintiff >>> Further Intentional Infliction of Emotional Distress and Intentional Financial Damage to Plaintiff.[1]  (Doc. 228).

Plaintiff asks the Court to issue an injunction "to HALT DEMOLITION" of certain properties in the Village of Greenhills.  (Id. at PageID 3759).  Plaintiff asserts that the Village's plan to redevelop seven Village-owned sites into 29 new single-family homes (apparently situated adjacent and across from Plaintiff's home) will harm Plaintiff and her community.  She argues generally that the redevelopment will cause her to suffer mental and financial harm.  Finally, she argues this project was put into motion as retaliation.  Plaintiff's arguments are without merit for several reasons.

First, the Court must consider whether Plaintiff has standing as it relates to her request for injunctive relief.  Article III standing is "the threshold question in every federal case, determining the power of the court to entertain the suit."  *Warth v. Seldin*, 422 U.S. 490, 498 (1975).  Plaintiff bears the burden of establishing standing.  *Lujan v. Defenders of Wildlife*, 504 U.S. 555, 561, 112

---

[1] Upon review of Plaintiff's motion, the Court finds a response from Defendants is not necessary as it is clear on its face the Court lacks jurisdiction over the motion.

S.Ct. 2130, 119, L.Ed.2d 531 (1992). Further, she must establish standing for each claim asserted and for each form of relief sought. *Smith v. Robbins & Meyers, Inc.*, No. 3:12-cv-281, 2014 WL 4705905, at *4 (S.D. Ohio Sept. 22, 2014). "To demonstrate standing, a plaintiff must have alleged such a personal stake in the outcome of the controversy as to warrant his invocation of federal-court jurisdiction." *Salazar v. Buono*, 559 U.S. 700, 711, 130 S.Ct. 1803, 176 L.Ed.2d 634 (2010). To satisfy the requirements of Article III standing, a plaintiff must establish: "(1) [she] has suffered an 'injury in fact' that is (a) concrete and particularized and (b) actual or imminent, not conjectural or hypothetical; (2) the injury is fairly traceable to the challenged action of the defendant; and (3) it is likely, as opposed to merely speculative, that the injury will be redressed by a favorable decision." *Cleveland Branch, N.A.A.C.P. v. City of Parma*, 263 F.3d 513, 524 (6th Cir. 2001) (quoting *Friends of the Earth, Inc.v. Laidlaw Envtl. Servs.*, 528 U.S.167, 180-181 (2000)).

Plaintiff identifies her injury as mental and financial harm related to the "fast-tracked" redevelopment project, which could interfere with the Village's National Historic Landmark status. (Doc. 228, PageID 3757). Plaintiff, however, has not established a legally protected interest related to the Village's redevelopment project. She concedes the Village owns the seven parcels identified as part of the project. Nevertheless, she argues that "[t]he Village of Greenhills has already torn down 13 historic structures displacing scores of residents…without compensation for relocation…" (Id. at PageID 3756). However, she does not argue that *she* has been displaced without just compensation. Thus, she has not established a personal stake in the outcome of the controversy necessary to warrant invocation of federal-court jurisdiction.

Plaintiff next argues the project will "devalue these 28 residences in four buildings (immediately adjacent and across the street from Plaintiff's home)." (Id. at. PageID 3758). Construing the foregoing liberally, the Court understands Plaintiff's argument to be that if the

value of the property adjacent to hers is diminished, her property value too will be diminished. However, such an injury is conjectural or hypothetical at best, and is therefore insufficient to establish standing. Finally, despite her assertion that the Village has not provided her any evidence of minutes of meetings related to the project, inspection reports, and communications from the National Park Department, she has not explained why she, as an adjacent property owner, is entitled to these things. In short, Plaintiff has failed to meet her burden of establishing standing as it relates to her request for injunctive relief.

It is also worth noting that Plaintiff appears to request relief on behalf of not only her, but also other Village residents. (Doc. 228, PageID 3759) ("This injunction will allow Village residents to collect the necessary documentation to DISCREDIT this rush to demolition of our cherished national treasured Historic District."). Plaintiff's right to represent herself in federal proceedings does not authorize her to represent others in federal court. *Dickerson v. City of Hickman*, 2008 WL 5427762 (citing *Shepherd v. Wellman*, 313 F.3d 963, 970 (6th Cir.2002) ("pro se" means to appear for one's self; thus, one person may not appear on another person's behalf in the other's cause). Accordingly, to the extent Plaintiff seeks to represent other Village residents, the Court lacks subject matter jurisdiction.

Even if the Court were to find Plaintiff had standing to request injunctive relief on her own behalf, Plaintiff's request for injunctive relief is unrelated to the conduct complained of in her Second Amended Complaint.[2] "[A] party moving for [injunctive relief] must necessarily establish a relationship between the injury claimed in the party's motion and the conduct asserted in the complaint." *Colvin v. Caruso*, 605 F.3d 282, 300 (6th Cir. 2010) (internal quotation omitted). Plaintiff's Second Amended Complaint alleges illegal conduct on the part of Village police, including

---

[2] Plaintiff's Complaint has been amended twice. Thus, Plaintiff's Second Amended Complaint (Doc. 103) is the operative complaint. However, regardless of which complaint the Court reviews, Plaintiff's request for injunctive relief is unrelated.

3

utilization of excessive force against her, unreasonable search and seizure, malicious prosecution, and intentional infliction of emotional distress related to public tormenting of Plaintiff subsequent to her arrest. In other words, Plaintiff seeks relief for alleged violations of her Constitutional rights under 42 U.S.C. § 1983 and related state law claims. (*See generally* Doc. 103). Her instant motion, however, essentially seeks relief from the Village's alleged and threatened condemnation of real property. *See* Ohio Rev. Code. § 163.63. Plaintiff argues her "political activity since 2007 was and is based upon initial threat of eminent domain to her home and destruction of her National Historic Landmark (NHL) neighborhood." The Court acknowledges the Second Amended Complaint cites to an acrimonious relationship between the parties, in part, due to Plaintiff's objections to the Village's "devaluing of real property in an effort to create favorable eminent domain seizure terms for itself in future property razings and rehabilitations." (Id. at PageID 960). Notwithstanding what initially caused the discordant relationship between the parties, the simple fact remains: Plaintiff's Second Amended Complaint seeks relief for alleged excessive force and subsequent malicious prosecution of her – not claims related to eminent domain. Thus, aside from the location where the alleged wrongful conduct occurred and the acrimonious history between the parties, there is no connection between Plaintiff's Second Amended Complaint and her current motion for injunctive relief. Accordingly, because the relief requested is entirely different from her Section 1983 claims, Plaintiff's recourse would be to file a new lawsuit for her new claims. *See Corsetti v. Hackel*, E.D. Mich. No. 10—12823, 2012 WL 4955275, *2 (Sept. 26, 2012).

Next, as the Court understands Plaintiff's request, she essentially seeks to bring a claim under the Takings Clause of the Fifth Amendment. U.S.C.A. Const.Amend. V. First, as explained above, Plaintiff has not alleged her property has been taken. Regardless, the Takings Clause does not prohibit the government from taking private property, but only prohibits the government from taking private property "*without just compensation.*" *Braun v. Ann Arbor Charter Twp.*, 519 F.3d

564, 569 (6th Cir. 2008) (citing *Williamson County Regional Planning Commission v. Hamilton Bank,* 473 U.S. at 194, 105 S.Ct. 3108 (citing *Hodel v. Va. Surface Mining & Reclamation Ass'n., Inc.,* 452 U.S. 264, 297 n. 40, 101 S.Ct. 2352, 69 L.Ed.2d 1 (1981)) (emphasis added). Importantly, before a plaintiff can bring a takings claim in federal court, she must first pursue available remedies in state court. *Id.* Accordingly, even if Plaintiff's property had been taken *and* she had been denied just compensation by the state, Plaintiff's claim is not ripe for review.

Finally, even if the Court were to consider on the merits Plaintiff's request for an injunction, she is not entitled to such relief. In determining whether to grant or deny a preliminary injunction, the Court must consider four factors: (1) whether the movant has a likelihood of success on the merits; (2) whether the movant would suffer irreparable injury without the injunction; (3) whether issuance of the injunction would cause substantial harm to others; and (4) whether the public interest would be served by the issuance of the injunction. *ACLU Fund of Mich. v. Livingston Cnty.*, 796 F.3d 636, 642 (6th Cir. 2015) (citing *Bays v. City of Fairborn*, 668 F.3d 814, 818-19 (6th Cir. 2012). As explained above, the government is permitted to take private property as long as a party is justly compensated. Harm that can be compensated by money damages does not constitute irreparable harm. *Manakee Prof'l Med. Transfer Serv., Inc. v. Shalala*, 71 F.3d 574, 581 (6th Cir.1995) ("[M]onetary damages do not generally constitute irreparable harm.") (citations omitted). Because Plaintiff cannot show she would suffer irreparable harm absent an injunction, she is not entitled to the extraordinary relief afforded under Federal Rule of Civil Procedure 65.

In sum, Plaintiff does not have standing to seek the relief requested and thus, the Court does not have jurisdiction over the motion; the relief requested is not related to her Second Amended Complaint and is not properly brought in the instant lawsuit; any claims under the

Takings Clause are not ripe for review; and Plaintiff is not entitled to injunctive relief, in part, because she would not suffer irreparable harm absent an injunction. Considering the foregoing, Plaintiff's motion is **DENIED**.

    **IT IS SO ORDERED.**

                                               _s/*Michael R. Barrett*_
                                               Michael R. Barrett, Judge
                                               United States District Court