# UNITED STATES DISTRICT COURT
## SOUTHERN DISTRICT OF OHIO
### WESTERN DIVISION

| | |
|---|---|
| PATRICIA ANDWAN | ) |
| | ) |
| Plaintiff, | ) Case No.: 1:13cv624 |
| | ) |
| vs. | ) Judge Michael R. Barrett |
| | ) Magistrate Judge Stephanie K. Bowman |
| VILLAGE OF GREENHILLS, OHIO, *et al.*, | ) |
| | ) |
| Defendants. | ) |

## ORDER

This matter is before the Court on the Magistrate Judge's August 21, 2017 Report and Recommendation ("R&R") (Doc. 219). On October 15, 2017, Plaintiff filed a document titled "Third Motion to Dismiss Summary Judgment (DOC. 199) & (DOC. 200) Motions & 1st Motion to Dismiss R&R (219) submitted in lieu of Plaintiff's Opposition to R&R (DOC. 219)…" (Doc. 235). Defendants filed a response (Doc. 240) and Plaintiff filed a reply (Doc. 241). Also pending are the following motions: 1) Plaintiff's Second Motion to Stay (Doc. 234); 2) Plaintiff's motions to supplement the record (Docs. 236, 238); 3) Plaintiff's Second Motion to Intervene (Doc. 239); 4) Plaintiff's Second Motion to Stay Order on Motion to Intervene (Doc. 239); and Defendants' Motion to Strike Reply to Response to Motion (Doc. 243). This matter is now ripe for disposition.

### I. BACKGROUND

This matter has a long and involved procedural history, which has been well documented throughout these proceedings. Only the facts necessary to address Plaintiff's objections[1] and

---

[1] The Court notes that Plaintiff indicated her Motion to Dismiss (Doc. 235) was filed in lieu of filing objections to the Magistrate Judge's R&R. It is therefore arguable that Plaintiff did not properly object to the R&R. However, objections of pro se litigants are to be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94, 127 S. Ct. 2197, 167 L. Ed. 2d 1081 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106, 97 S. Ct. 285, 50 L. Ed. 251 (1976)).

other pending motions will be restated herein. The crux of Plaintiff's argument is that the medical records in the record are incomplete, which unfairly affected the disposition of the R&R. She also argues her handwritten "notations" on various documents should have been considered.

## II. **STANDARD**

When objections to a magistrate judge's report and recommendation are received on a dispositive matter, the assigned district judge "must determine *de novo* any part of the magistrate judge's disposition that has been properly objected to." Fed. R. Civ. P. 72(b)(3). After review, the district judge "may accept, reject, or modify the recommended disposition; receive further evidence; or return the matter to the magistrate judge with instructions." *Id.*; *see also* 28 U.S.C. § 636(b)(1). General objections are insufficient to preserve any issues for review: "[a] general objection to the entirety of the Magistrate [Judge]'s report has the same effect as would a failure to object." *Howard v. Sec'y of Health & Human Servs.*, 932 F.2d 505, 509 (6th Cir. 1991). Nevertheless, the objections of a petitioner appearing *pro se* will be construed liberally. *See Erickson v. Pardus,* 551 U.S. 89, 94 (2007) (citing *Estelle v. Gamble*, 429 U.S. 97, 106 (1976)).

## III. **ANALYSIS**

To begin, the Court must address some preliminary matters. First, Defendants oppose Plaintiff's Motion to Supplement Medical Records (Doc. 235) and Plaintiff's Motion to Supplement Exhibit J (Doc. 238). Upon review, the Court **GRANTS** Plaintiff's Motions. To the extent they are admissible, the Court will consider Plaintiff's supplemental exhibits.

Also before the Court is Defendants' Motion to Strike Plaintiff's Reply. (Doc. 243). While the Court agrees with Defendants that Federal Rule of Civil Procedure 72(b)(2) does not provide for the filing of a reply, upon review, the Court finds the result does not change regardless

of whether the Court considers Plaintiff's reply. Accordingly, Defendants' Motion (Doc. 243) is **DENIED AS MOOT**.

Third, Plaintiff filed multiple motions to stay this matter. The first is essentially a motion for additional time file objections to the Magistrate Judge's R&R. (Doc. 234). Plaintiff's motion is **DENIED**. However, as explained more fully herein, the Court treats Plaintiff's Third Motion to Dismiss (Doc. 235) as objections to the Magistrate Judge's R&R (Doc. 219).

In addition, Plaintiff requests a stay pending a ruling on Plaintiff's request for injunctive relief filed in state court. (Doc. 239). The Court takes judicial notice of the case history in Hamilton County Common Pleas Case No. A1705423: Patricia A. Andwan v. Village of Greenhills, OH. On November 30, 2017, Judge Steven E. Martin denied Plaintiff's Motion for Temporary Restraining Order and granted Defendant's Motion to Dismiss. Plaintiff's Motion for Reconsideration and for Emergency Hearing was denied on December 4, 2017. Accordingly, Plaintiff's motion (Doc. 239) is **DENIED AS MOOT**.

Finally, still pending is Plaintiff's Pro Se Objection to Magistrate Bowman's Order Regarding Motions for Summary Judgment and Stopgap Response Draft (Doc. 213). Plaintiff is not entitled to instructions from the Court with respect to summary judgment responses. Indeed, as this Court has explained to Plaintiff on numerous occasions, courts are not permitted to give litigants legal advice. *See In re Nicole Energy Servs., Inc.,* 423 B.R. 840, 847 (Bankr. S.D. Ohio Feb. 25, 2010). Because Defendants' motions for summary judgment have been properly ruled on, Plaintiff's objections are **OVERRULED**.

1. **Medical Records**

Construing her arguments liberally, it appears as though she first argues the missing medical records, some of which she filed in conjunction with her objections, document evidence of

her continued treatment and therapy stemming from the alleged excessive force employed by Defendant Moore. In other words, she appears to argue that her shoulder injury was more serious than the medical records provided by Defendants showed.

The Magistrate Judge concluded Defendant Moore was entitled to qualified immunity on Plaintiff's Fourth Amendment claim. She explained, in part, as follows:

> …Plaintiff's alleged should injury was not caused by any intentional conduct of Officer Moore. Under the circumstances (a screaming, resisting person who had been warned of her imminent arrest but nevertheless refused to comply with instructions), a reasonable officer could have believed that the modest amount of physical force employed to effectuate the arrest was reasonable and necessary.

Doc. 219, PageID 3718). While the Magistrate Judge also explained Plaintiff's lack of injury supported the conclusion that the amount of force used was reasonable, she also correctly explained that lack of an injury alone is not dispositive of an excessive force claim. (Id. at PageID 3720).

As best the Court can tell, Plaintiff takes issue with the Magistrate Judge's conclusion that Plaintiff failed to come forward with any documentation of an appointment in January or February of 2012 wherein she complained of rotator cuff pain. (Id.). For the first time, Plaintiff provides medical records from a visit with Dr. David Foote on February 1, 2012, which she appears to argue, create a question of fact. (Doc. 236-2).

Upon review, however, it is clear the lack of evidence of an injury was one of many factors the Magistrate Judge considered when concluding the amount of force used was reasonable. Indeed, whether Plaintiff's shoulder injury required additional treatment alone is not determinative. Rather, as the R&R correctly explained the dispositive issue with respect to a qualified immunity analysis is whether the amount of force was reasonable. (Id.) (citing *Goodrich v. Everett*, 193 Fed. Appx. 551 (6th Cir. 2006)). Moreover, upon review, the Court

4

agrees with the Magistrate Judge that (even when considering the new medical records submitted by Plaintiff), Defendant Moore is entitled to qualified immunity. Plaintiff's objections on this issue are **OVERRULED**.

Accordingly, the Village too is entitled to summary judgment. In the absence of any constitutional violation, there can be no unconstitutional custom or policy. *Heyerman v. County of Calhoun*, 680 F.3d 642, 648 (6th Cir. 2012) ("Municipal liability only attaches where a custom, policy, or practice attributable to the municipality was the 'moving force' behind the violation of the plaintiff's constitutional rights.").

To the extent Plaintiff cites to additional medical records in support of her Intentional Infliction of Emotional Distress ("IIED") claim, such an argument likewise fails. As the Magistrate Judge explained, summary judgment is appropriate when there is no evidence that the employee acted wantonly or recklessly. *See Irving v. Austin*, 741 N.E.2d 931, 934, 138 Ohio App.3d 552, 556 (Ohio Ct. App. 2000). Because the undersigned agrees with the Magistrate Judge that there in no evidence Defendant Moore acted unreasonably, the undersigned similarly agrees that there is no evidence he acted wantonly or recklessly.

Plaintiff also appears to dispute the adequacy of the care provided to her by a Talbert House and Centerpoint therapist. Whether Plaintiff received adequate medical care from a particular therapist is not relevant to Plaintiff's IIED claim against Defendant Moore, and specifically, whether Defendant Moore is immune from such a claim under Ohio law. Ohio Rev. Code § 2744.03(A)(6). To be sure, Ohio Revised Code § 2744.03(A)(6) limits the inquiry to Defendant Moore's actions in determining whether he is entitled to protection under Ohio law. As the Magistrate Judge correctly explained, "…Officer Moore is entitled to the protections of Ohio Revised Code § 2744.03(A)(6) unless his actions were 'manifestly outside the scope' of his employment as a police officer, or his actions 'were with malicious purpose, in bad faith, or in a

wanton or reckless manner.'" (Doc. 219, PageID 3725). Plaintiff's objections on this issue are **OVERRULED.**

### 2. Handwritten Notes

Next, Plaintiff objects to the Magistrate Judge's decision not to consider Plaintiff's handwritten notes on the exhibits. (Doc. 235, PageID 3905) ("Defendants, in bad faith, distorted the Magistrate's evaluation with claims of the need for "authentication of Plaintiff's handwriting" and "certification" of the three criminal trial transcripts. This tactic resulted in Magistrate Bowman, totally disregarding 138 pages (DOC. 140 Exhibit) of information notations on various documents, including interrogatory and Discovery records)!").

As the Magistrate Judge correctly explained, exhibits that are not properly authenticated are not admissible. However, the Magistrate Judge further stated, "the undersigned believes that the exhibits that have been considered could be properly authenticated, and could be presented in admissible form notwithstanding their current inadmissible form." (Doc. 219, PageID 3703). Contrary to Plaintiff's assertion, the Magistrate Judge gave Plaintiff considerable leeway in considering Plaintiff's exhibits – none of which were admissible in present form; and she did so despite Defendants' strenuous objections. (Id).

As for Plaintiff's handwritten notations, whether certain exhibits were properly authenticated is not the only consideration with respect to the admissibility of such notations. As Defendants correctly assert, Plaintiff's handwritten notes are not evidence pursuant to Federal of Civil Procedure 56, but rather additional argument. Accordingly, the Court finds no error in the Magistrate Judge's decision not to consider Plaintiff's handwritten notes. Plaintiff's objections on this issue are **OVERRULED**.

## IV. CONCLUSION

Consistent with the foregoing, the following is hereby **ORDERED**:

1. Plaintiff's Motions to Supplement the Record (Docs. 236, 238) are **GRANTED**;

2. Defendants' Motion to Strike (Doc. 243) is **DENIED AS MOOT**;

3. Plaintiff's Motion to Stay (Doc. 234) is **DENIED**;

4. Plaintiff's Motion to Stay (Doc. 239) is **DENIED AS MOOT**;

5. Plaintiff's Objection to the Magistrate Judge's Order (Doc. 213) is **OVERRULED**;

6. Plaintiff's Second Motion to Intervene (Doc. 237) is **DENIED AS MOOT**;

7. Plaintiff's Third Motion to Dismiss, which the Court treats as Objections to the Magistrate Judge's R&R (Doc. 235) are **OVERRULED**;

8. The Magistrate Judge's R&R (Doc. 219) is **ADOPTED IN FULL**.

Accordingly, Defendants' Motions for Summary Judgment (Docs. 199, 200) are **GRANTED**.

**IT IS SO ORDERED.**

                                                       *s/Michael R. Barrett*
                                                      Michael R. Barrett, Judge
                                                      United States District Court